# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN, | 1:09-cv-02213-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| WARDEN JULIOUS, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  (Court Doc. 3.)

Petitioner filed the instant petition for writ of habeas corpus on December 21, 2009. (Court Doc. 1.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

1  Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. §
2  1983 is the proper method for a prisoner to challenge the conditions of that confinement.
3  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at
4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

5      In this case, Petitioner contends that prison officials have violated his First Amendment
6  rights by refusing to allow him to exercise his Satanic religion.  Petitioner also contends that he
7  has been discriminated against on the basis of his religion.  Petitioner seeks monetary damages
8  and other privileges within the prison.  Petitioner is challenging the conditions of his
9  confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to
10 habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his
11 claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

12 <u>ORDER</u>

13     Based on the foregoing, it is HEREBY ORDERED that:

14 1.  The instant petition for writ of habeas corpus is DISMISSED;

15 2.  The Clerk of Court is directed to terminate this action; and,

16 3.  The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c);
17 <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a COA,
18 petitioner must show: (1) that jurists of reason would find it debatable whether the
19 petition stated a valid claim of a denial of a constitutional right; and (2) that jurists
20 of reason would find it debatable whether the district court was correct in its
21 procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  In the present
22 case, the Court does not find that jurists of reason would not find it debatable
23 whether the petition was properly dismissed for failure to state a cognizable claim
24 under 28 U.S.C. § 2244(d)(1).  Petitioner has not made the required substantial
25 showing of the denial of a constitutional right.

26 IT IS SO ORDERED.

27 **Dated:**   <u>January 14, 2010</u>          <u>/s/ Sandra M. Snyder</u>
                                           UNITED STATES MAGISTRATE JUDGE
28